UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ZADKIEL JOSE MADUENO
AZUAJE,

       Petitioner,

v.                                    Case No.  2:26-cv-1675-JES-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH, et al.,

       Respondents.

_____/

## OPINION AND ORDER

Before the Court are Petitioner Zadkiel Jose Madueno Azuaje's *pro se* petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 5).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

### I.   Background

Madueno Azuaje is a native and citizen of Venezuela who last entered the United States without inspection on May 10, 2023. (Doc. 5 at 1).  He has no criminal history.  (Doc. 1 at 2, 10).  On June 3, 2026, an immigration judge ordered Madueno Azuaje removed from the United States.  (Doc. 5 at 1).  He has reserved his right to appeal the removal order. (Id.)[1]

_____

[1] Because the order of removal is not yet final, Madueno Azuaje's detention is still authorized under 8 U.S.C. § 1226. However, if he does not appeal the order of removal before July 6, 2026, the authority for his detention will shift to 8 U.S.C. § 1231.  (Doc. 5 at 2).

Madueno Azuaje has been in immigration custody since December 29, 2025. (Doc. 5 at 2). He seeks, among other things, an 8 U.S.C. § 1226(a) bond hearing before an immigration judge. (Doc. 1 at 10).

In response to the petition, Respondents acknowledge that Madueno Azuaje is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). (Doc. 5 at 1–2 (citing Hernandez Alvarez v. Warden, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026))). Nevertheless, Respondents argue that the Court should dismiss this petition because Madueno Azuaje should have sought a bond hearing in immigration court before filing this petition. (Id. at 4). The Court is not convinced. Madueno Azuaje proceeds *pro se* and was detained before Hernandez Alvarez was issued. Moreover, in habeas proceedings, exhaustion is not jurisdictional. Rather, it exists as a judicially created doctrine applied at the court's discretion. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015).

## II.  Discussion

Under 8 U.S.C. § 1226(a) of the Immigration and Nationality Act (INA), the government is authorized "to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But 8 U.S.XC. § 1226A(a) provides additional safeguards, including the right to an individualized bond hearing. Id. at 306 ("Federal

2

regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Eleventh Circuit recently addressed the issue of whether "unadmitted aliens found in the interior of the United States are eligible for bond as they go through immigration proceedings." Hernandez Alvarez, 2026 WL 1243395, at *1.  The Court determined that "no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here."  Id.  And Respondents recognize that, under this holding, Madueno Azuaje is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

The Court will thus order Respondents to either release Madueno Azuaje or bring him before an immigration judge within seven days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community.[2]  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006).  Madueno Azuaje's counsel (if any) must receive at least 48 hours' notice of the

---

[2] Respondents request "a reasonable period of seven working days to arrange an individualized bond hearing."  (Doc. 5 at 6).

hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  If Respondents are unable to ensure that Madueno Azuaje timely receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED**:

1.   Zadkiel Jose Madueno Azuaje's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.   Within **SEVEN (7) DAYS**, Respondents shall either provide Madueno Azuaje with the statutory process required under § 1226— which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.

3.   If Respondents release Madueno Azuaje, they shall facilitate his transportation from the detention facility by notifying his counsel or family of when and where he may be collected.

4.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 5, 2026.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4